# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 102 | **DATE** | August 9, 2010 |
| **CASE TITLE** | Prewitt vs. United States of America et al | | |

**DOCKET ENTRY TEXT**

The United States' motion (Docs [23] and [26]) to dismiss is granted in part and denied in part. Counts IV, V, VIII and X against the United States are dismissed without prejudice. Status hearing set for 8/25/2010 at 9:30 a.m. to stand.

■[ For further details see text below.]

Docketing to mail notices.

## ORDER

This case comes before the court on the motion of Defendant United States of America to dismiss Counts IV, V, VIII, and X against the United States for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The Government also moves for dismissal of Counts III, IV, V, VIII, IX, and X as to Defendants Anuj Parikh and Jim Bushman. For the reasons stated below, the Government's motion is granted in part and denied in part.

Federal Rule of Civil Procedure 12(b)(6) evaluates the legal sufficiency of a plaintiff's complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe all allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). In order for a claim to survive a motion to dismiss, the plaintiff must satisfy two conditions: first, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and second, its allegations must plausibly suggest that the plaintiff has a right to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). A claim should not be dismissed "unless it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Heffernan v. Bass*, 467 F.3d 596, 598 (7th Cir. 2006) (*quoting Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)).

The Government contends that Prewitt's state-law claims against the United States should be dismissed because she neglected to pursue her administrative remedies with the SSA. The Federal Tort Claims Act (FTCA) provides the exclusive jurisdictional basis for a common law tort claim for damages against the United States. 28 U.S.C. § 1346(b)(1). Under the FTCA, a plaintiff may not institute an action for damages against the United States for injuries arising from the actions of an United States employee "unless the claimant shall have first presented the claim to the appropriate Federal agency[.]" 28 U.S.C. § 2675(a); *see also Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997). Prewitt's complaint makes no reference to presenting her claims to the SSA

| ORDER |
|---|

before filing the instant action. Absent such allegations, Prewitt's complaint does not suggest a plausible right to relief against the United States and must be dismissed. *Frey v. EPA*, 270 F.3d 1129, 1136 (7th Cir. 2001). We therefore grant the Government's motion to dismiss with respect to Counts IV, V, VIII, and X against the United States.

The Government also argues that Prewitt's state-law claims against Defendants Parikh and Bushman must also be dismissed. Essentially, their argument states that because both Parikh and Bushman were federal employees acting within the scope of their employment at the time of the alleged incident, Prewitt's claims against the individuals are actually claims against the United States under the FTCA. The Government concludes that because filing suit against Parikh and Bushman is akin to suing the United States itself, Prewitt's common law claims against the two individual defendants should be dismissed on exhaustion grounds.

Prewitt responds that the United States' motion to dismiss is premature as to Parikh and Bushman. She argues that the Government must first file a motion to substitute the United States as defendant for both Parikh and Bushman before we can determine whether the claims at issue should be dismissed. Under the FTCA, once the Attorney General certifies that a defendant employee acted in the scope of his employment during the relevant time period the claim is deemed an action against the United States "and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1). Only after the substitution has been accomplished may the suit proceed as though filed against the United States under the FTCA. *See Sobitan v. Glud*, 589 F.3d 379, 383 (7th Cir. 2009). Though the Government has attached a certification to their motion to dismiss, no motion for substitution has been filed. We therefore deny the government's motion as premature. The Government will have two weeks from the date this order issues to file a motion for substitution and 30 days from the date this order issues to file its motion to dismiss. Prewitt will have fourteen days from the date the motion to dismiss deadline to file their response.

The United States' motion is granted in part and denied in part. Counts IV, V, VIII, and X against the United States are dismissed without prejudice.

Dated: **August 9, 2010**

*Charles P. Kocoras*
**CHARLES P. KOCORAS**
**U.S. District Court Judge**