UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LACEY PREWITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 10 C 102 |
| | ) |
| ERVIN GARTNER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendants Jim Bushman and Anuj Parikh to dismiss Count VII of Plaintiff Lacey Prewitt's complaint pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6). For the reasons set forth below, the motion is denied.

**BACKGROUND**

According to the allegations of the complaint, which we must accept as true for purposes of this motion, *Warth v. Seldin*, 422 U.S. 490, 501 (1975), Lacey Prewitt ("Prewitt") is a resident of Cook County, Illinois. On January 7, 2008, Prewitt went to an office of the Social Security Administration ("the SSA office"), in Elgin, Illinois. At the SSA office, Prewitt had a conversation with Defendant Anuj Parikh ("Parikh"), a

- 1 -

claims representative for the SSA. Parikh explained that Prewitt was not entitled to social security benefits because she was employed. Prewitt replied that she was unemployed and that she should be receiving her checks. The two conversed for a while until Prewitt informed Parikh that she would leave the office and stood up from her chair. Raising his voice, Parikh demanded that Prewitt "sit down!". Prewitt told Parikh that she would schedule an appointment with another employee and moved away. At this point, Parikh called for the assistance of Ervin Gartner ("Gartner") who was a security guard employed by a private security company, Akal Security. Gartner spotted Prewitt while she was exiting the building
and told her that if she did not behave like a lady, he would place her under arrest the next time she set foot in the office. Moments later, Gartner informed Prewitt that she was under arrest. In the process of arresting her, Gartner tackled her, pinned her to the ground, yanked her right arm to handcuff her, and, once she was handcuffed, sat on top of her until the Elgin police arrived. As a result, Prewitt sustained several injuries and had to be transported to the hospital in ambulance.

      Immediately after her transportation to the hospital, Gartner and Jim Bushman ("Bushman"), the Agency manager, decided to file charges against Prewitt, alleging that she had assaulted Gartner. Prewitt was eventually arrested and charged with disorderly

conduct.[1] On December 3, 2009, the criminal charges against Prewitt were dismissed pursuant to a nolle prosequi order.

On January 7, 2010, Prewitt, acting pro se, brought this action against Gartner, Bushman, Parikh, and the United States. Prewitt eventually hired an attorney and submitted her first amended complaint on March 30, 2010. On July 21, 2010, Prewitt filed a second amended complaint adding Gartner's employer, Akal Security, as an additional defendant. In her second amended complaint, Prewitt asserted eleven counts against Defendants. On August 9, 2010, we dismissed four of the eleven counts of the complaint without prejudice. On August 18, 2010, we granted the United States' motion to substitute the United States as a defendant for all claims against Bushman and Parikh. On September 7, 2010, Bushman and Parikh were reinstated as individual defendants for Prewitt's false arrest claim asserted in Count VII. Bushman and Parikh now move to dismiss Count VII pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6).

**LEGAL STANDARD**

I. **Motion To Dismiss For Insufficient Service**

When a defendant challenges the sufficiency of service, the burden is on the plaintiff to affirmatively demonstrate otherwise. *Cardenas v. City of Chicago, No. 08*

---

[1] Defendants argue that the police report attached as an exhibit to Prewitt's response to the motion to dismiss is not admissible evidence because it was not part of the complaint. However, "a plaintiff need not put all of the essential facts in the complaint" and has the right to add them by affidavit or by brief in order to defeat a motion to dismiss if the facts are consistent with the allegations of the complaint. *Help at Home Inc., v. Medical Capital, L.L.C.* 260 F.3d 748, 752-53 (7th Cir. 2001). We therefore admit the police report as valid evidence.

*C 3174, 2010 WL 610621, at \* 2* (N.D. Ill. Feb. 15, 2010). The consequence of insufficient service within the requisite time period is dismissal, usually without prejudice. Fed. R. Civ. P. 4(m). Rule 4(m) provides a plaintiff with 120 days from the filing of the complaint to properly serve the defendant. The rule requires a court to extend the time period for service if the plaintiff can establish good cause for non-compliance. *Id.*; *U.S. v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006). The determination of whether good cause exists or not is entrusted to the court's discretion. *Panaras v. Liquid Carbonic Industries Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). However, if good cause does not exist, the court may, in its discretion, either dismiss the action without prejudice or direct that service be effected within a specified time. *Id*.

## II. Motion To Dismiss For Failure To State A Claim

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe the allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To be cognizable, the factual

allegations within a complaint must raise a claim for relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To state a cognizable claim, a complaint must describe the claim in sufficient detail to give the defendant notice of what it is and the ground upon which it rests and plausibly suggest that the plaintiff has a right to relief. *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir.2007).

With these principles in mind we turn to the motions at hand.

## DISCUSSION

### I. Motion To Dismiss For Insufficient Service

Defendants move to dismiss Prewitt's second amended complaint because they were not served within the 120 days allowed by Rule 4(m). Prewitt claims that Defendants waived their defense of insufficiency of process by filing a response to her motion for default. A party may waive a defense of insufficiency of process by failing to assert it seasonably in a motion or in their first responsive pleading. *Trustees of Cent. Laborers' Welfare Fund v. Lowery,* 924 F.2d 731, 732 (7th Cir. 1991). Here, the United States expressly pointed to Prewitt's alleged failure to properly serve Defendants in the response to Prewitt's motion for default. In addition, Bushman and Parikh raised the insufficiency of process defense in their motion to dismiss, which was their first responsive pleading. Therefore, we find that Defendants did not waive their defense of improper service.

Though Defendants are entitled to assert an insufficiency of process defense, we decline to dismiss Prewitt's complaint on that basis. Good cause exists for Prewitt's failure to effect service because: (1) although the complaint was first filed in January 7, 2010, Prewitt was a pro se litigant until her first amended complaint was filed on March 30, 2010; (2) Prewitt has encountered difficulty in identifying the proper defendants in her action due to confusion resulting from our ruling on the substitution motion and subsequent amendment of that order; (3) the Defendants are on notice of Prewitt's action especially in view of the fact that Parikh was served on July 13, 2010; (4) Defendants have not argued that they would be prejudiced by additional service; and (5) Prewitt would be substantially prejudiced if the complaint is dismissed. Accordingly, the court concludes that dismissal of Prewitt's amended complaint is unwarranted under the circumstances. The court denies Defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(5).

## II.     Motion To Dismiss For Failure To State A Claim

Defendants also request that we dismiss Prewitt's false arrest claim under 42 U.S.C. § 1983 because the allegations fail to state a claim upon which relief can be granted. To state a claim under § 1983, Prewitt must allege that the actors were personally responsible for the alleged constitutional deprivation. *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003). Defendants argue that they cannot be

personally liable for Prewitt's alleged deprivation because they did not personally arrest her. "[A]n official satisfies the personal responsibility requirement of § 1983 ... if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." *Gentry v. Duckworth*, 65 F.3d 555, 561, quoting *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). In other words, the official must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye[.]" *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th cir. 1998). Prewitt alleges that Parikh contacted the security guard who later placed her under arrest. She also claims that after the arrest, Bushman filed charges of disorderly conduct against her. Construing the allegations of the complaint in the light most favorable to Prewitt, we find that she has sufficiently plead facts showing that Parikh may have directed, and Bushman condoned, her arrest. Based on the foregoing reasons, we find that Prewitt's complaint describes a plausible § 1983 claim against Bushman and Parikh because it contains sufficient allegations that Bushman or Parikh could have been the moving force behind Gartner's alleged false arrest.

Defendants also raise the affirmative defense of qualified immunity which, if applicable, would shield them from liability stemming from the § 1983 claim. Prewitt's first argument is that any consideration of immunity is premature at this stage of the case. However, in a motion to dismiss context, once it has been determined that a cause

of action has been stated, it is proper for the court to determine whether qualified immunity nevertheless insulates a defendant from trial. *Kitzman-Kelley ex. rel. Kitzman-Kelley v. Warner*, 203 F.3d 454, 457 (7th Cir. 2000).

Prewitt further disputes whether such defense is applicable to the Defendants. Qualified immunity is an affirmative defense which protects government officials from liability for civil damages when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *McAllister v. Price*, 615 F.3d 877, 881 (7th Cir. 2010). When assessing a qualified immunity defense, two questions must be answered: whether the alleged conduct set out a violation of a constitutional right, and whether the right was clearly established at the time of the Defendants' alleged misconduct. *Wheeler v. Lawson*, 539 F.3d 629, 639 (7th Cir. 2008). The court finds that Prewitt's allegations could support a violation of a clearly established constitutional principle. It is well-settled law that an arrest of an individual without probable cause to believe he committed a crime violates that person's Fourth Amendment rights. *See Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009). In the instant case, Prewitt has alleged facts supporting her argument that probable cause might not have existed, and it is necessary at this stage to allow these claims to develop factually. Therefore, Defendants' motions to dismiss are denied.

## CONCLUSION

The Defendants' motions are denied. Prewitt is granted thirty (30) additional days to effect service on the Defendants.

                                    /s/ Charles P. Kocoras
                                    Charles P. Kocoras
                                    United States District Judge

Dated:   November 8, 2010