# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 102 | **DATE** | 2/23/2011 |
| **CASE TITLE** | Prewitt vs. Gartner et al | | |

**DOCKET ENTRY TEXT**

Ruling held on 2/23/2011. Defendants' motions (Doc [69]) to alter or amend judgment are denied. Defendants' motions (Doc [69]) for summary judgment are also denied.

■[ For further details see text below.]   Docketing to mail notices.

00:05

# ORDER

  This matter comes before the court on the motions of Defendants Jim Bushman and Anuj Parikh (collectively, the "Defendants") to alter or amend judgment, or in the alternative, for summary judgment. For the reasons set forth below, the motions are denied.

  We briefly restate the relevant allegations of facts that are discussed in more detail in our previous opinion, *Prewitt v. Gartner*, 2010 WL 4628707 (N.D. Ill. Nov. 8, 2010). On January 7, 2008, Lacey Prewitt ("Prewitt") visited an office of the Social Security Administration ("the SSA office"), in Elgin, Illinois. At the SSA office, Prewitt met with Social Security claims representative Anuj Parikh ("Parikh") to obtain information about her social security benefits. Dissatisfied with Parikh's answers, Prewitt informed Parikh that she would leave the office and stood up from her chair. Raising his voice, Parikh demanded that Prewitt sit down! As Prewitt began walking away, Parikh called for the assistance of Ervin Gartner ("Gartner"), a security guard employed by a private security company, Akal Security. Gartner escorted her out of the building and, moments later, placed her under arrest. Prewitt sustained several injuries due to the arrest and had to be transported to the hospital in an ambulance. Immediately after her transportation to the hospital, Gartner and Jim Bushman ("Bushman"), the SSA office manager, decided to file charges of disorderly conduct against Prewitt. On July 21, 2010, Prewitt filed a second amended complaint against Parikh and Bushman asserting a false arrest claim pursuant to 42 U.S.C. § 1983. On November 8, 2010, we denied the Defendants' motion to dismiss the false arrest claim. Within the time permitted by Fed. R. Civ. P. 59(e), Defendants moved to alter or amend our judgment or, in the alternative, grant summary judgment in their favor.

# ORDER

A party may move to alter or amend a judgment within 28 days after entry of the judgment challenged. Fed. R. Civ. P. 59(e). "A Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). A "manifest error" is "the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. Dec. 5, 1997). Additionally, "a Rule 59(e) motion is not properly utilized to advance arguments or theories that could and should have been made before the district court rendered a judgment[.]" *Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007). With these principles in mind, we address the present motion.

As a preliminary matter, we note that Defendants have properly filed their motion under Rule 59(e). In our November 8, 2010 decision, we denied Defendants' qualified immunity defense. The denial of a qualified immunity defense is an appealable final decision, notwithstanding the absence of a final judgment. *Mitchell v. Forsyth*, 472 U.S. 511, 527 (1985).

In their motion to alter or amend judgment, Defendants argue that the court erroneously denied dismissal of Prewitt's false arrest claim because Parikh and Bushman did not personally participate in Prewitt's arrest and because, in any event, they are entitled to qualified immunity. Motions to alter or amend a judgment do not give litigants the opportunity to merely rehash previously raised arguments, but rather are "intended to correct manifest errors of law or fact or to present newly-discovered evidence." *U.S. ex rel. Russo v. Attorney Gen. of Ill.*, 780 F.2d 712, 715 n. 4 (7th Cir. 1986). Defendants' arguments on the issue of their entitlement to qualified immunity or their personal participation in Prewitt's arrest merely rehash arguments the court has previously rejected. In addition, we note that although Defendants cite to authority pertaining to the defense of qualified immunity, they fail to expressly lay out the reasons why Prewitt's allegations do not support a violation of a clearly-established constitutional principle. Accordingly, we decline to alter or amend our November 8, 2010 decision on these grounds.

Defendants also argue that dismissal was appropriate under Rule 12(b)(6) because the court misapplied the standard for liability under 42 U.S.C. § 1983. Specifically, Defendants contend that the court should not have applied the supervisory liability standard because Gartner is not an employee of the United States and the Defendants had no supervisory authority over him. To state a claim under § 1983, a plaintiff must establish that the actors were personally responsible for the alleged constitutional deprivation. *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003). Bushman and Parikh may be found personally involved in the alleged deprivation of Prewitt's constitutionally protected rights by a showing that Bushman or Parikh either directly participated in the infraction or knew of and consented to the wrong. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Whether Bushman and/or Parikh held a position of supervisory authority vis-à-vis Gartner raises questions of fact that are not appropriate for resolution in a motion to dismiss context. Under the liberal construction standard afforded to plaintiffs in a 12(b)(6) motion, we view the allegations of the complaint in the light most favorable to Prewitt and conclude that she has sufficiently plead facts linking Bushman and Parikh to her alleged constitutional deprivations. We therefore reiterate that, at this stage of the proceedings, it is necessary to allow these claims to develop factually. Therefore, Defendants' motions to alter or amend our judgment on this basis are denied. We also deny the Defendants' summary judgment motions, without prejudice, on the ground that they are premature given the lack of discovery. See *Celotex Corp. V. Catrett*, 477 U.S. 317, 322 (1986) (Rule 56(c) mandates the entry of summary judgment after adequate time for discovery).

## ORDER

Defendants' motions to alter or amend judgment are denied. Defendants' motions for summary judgment are also denied.

Dated:  February 23, 2011

_Charles P. Kocoras_
**CHARLES P. KOCORAS**
**U.S. District Court Judge**