UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LACEY PREWITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 10 C 102 |
| | ) | |
| UNITED STATES, ERVIN GARTNER, | ) | |
| JIM BUSHMAN, ANUJ PARTKH, | ) | |
| AKAL SECURITY, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on the motion of Plaintiff Lacey Prewitt to strike all affirmative defenses asserted by Defendants Ervin Gartner, Akal Security, Jim Bushman, and Anuj Parikh, pursuant to Federal Rule of Civil Procedure 12(f). For the reasons set forth below, the motion is granted. The Court grants the Defendants leave to amend their answers in a manner consistent with the following discussion.

## BACKGROUND

On July 21, 2010, Plaintiff Lacey Prewitt ("Prewitt") filed an eleven count second amended complaint against the Defendants, alleging various torts and violations of 42 U.S.C. §1983. Defendants Jim Bushman and Anuj Parikh (collectively, the

"Federal Defendants") asserted three affirmative defenses to Prewitt's claims[1]. Defendants Ervin Gartner and Akal Security (collectively, the "Gartner Defendants") asserted eleven affirmative defenses to Prewitt's claims. Prewitt now seeks to strike all of the Defendants' affirmative defenses.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits a court to strike defenses that are insufficient on the face of the pleadings. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Because motions to strike can be used as delay tactics, they are generally not a favored part of motion practice. *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975). However, if legal implications can be drawn from uncontroverted facts within the pleadings, such motions can be useful tools to examine the sufficiency of asserted defenses. *See id*.

Affirmative defenses must comply with Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement" of the defense. *Heller,* 883 F.2d at 1294. However, "[b]are bones conclusory allegations" are not permitted. *Id.* at 1295. An affirmative defense that raises substantial questions of law or fact will survive a motion to strike. *416.81 Acres,* 514 F.2d at 631. Moreover, if on the face of the pleadings it

---

[1] Prewitt's only claim against the Federal Defendants in their individual capacity is an alleged Section 1983 violation for false arrest.

appears that a set of facts could be proven that would establish the defense, the party asserting the defense must be provided an opportunity to prove the allegations. *Id*.

With these principles in mind, we turn to Prewitt's instant motion.

## DISCUSSION

### I.  Gartner Defendants

Prewitt moves to strike the eleven affirmative defenses asserted by the Gartner Defendants. Because the Gartner Defendants do not contest Prewitt's motion to strike their first, third, fifth, sixth, or eleventh defenses, the Court grants Prewitt's motion with respect to these defenses.

Additionally, because the Gartner Defendants concede that their second, seventh, and eighth defenses are insufficiently pled, the Court grants Prewitt's motion to strike these defenses. However, the Gartner Defendants maintain that they reserve the right to reassert these defenses as new information is gathered through discovery. Generally, a party waives any affirmative defense not raised in its first responsive pleading. *Castro v. Chi. Hous. Auth.,* 360 F.3d 721, 735 (7th Cir. 2004). However, when justice so requires, a court has the discretion to allow a defendant to amend its answer to assert an affirmative defense not previously raised. Fed. R. Civ. P. 15(a)(2); *Venters v. City of Delphi,* 123 F.3d 956, 968 (7th Cir. 1997). Therefore, any future requests by the

Gartner Defendants to amend their answer to include these additional defenses will be evaluated by the Court under Rule 15 at the time such requests are made.

Finally, the Gartner Defendants' do not challenge Prewitt's motion to strike their fourth, ninth, and tenth affirmative defenses, but instead seek leave to amend these defenses. A court should freely grant leave to amend the pleadings in the interests of justice. Fed. R. Civ. P. 15(a)(2). Though Prewitt has not challenged the sufficiency of these proposed amendments, the Court will nevertheless examine each of them in turn.

The Gartner Defendants' proposed amended fourth defense states that the Gartner Defendants "acted in good faith in accordance with the law at all relevant times, and therefore Plaintiff is not entitled to punitive damages." A court may strike an affirmative defense that "merely raises matters already at issue under a denial." *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736 (N.D. Ill. Feb. 16, 1982). In their answer, the Gartner Defendants denied Prewitt's claim for punitive damages, and they have further deny any allegations suggesting that they acted unlawfully or in bad faith. The proposed fourth amended defense is merely a resuscitation of these denials. Therefore, the Court strikes the Gartner Defendants' fourth affirmative defense and denies them leave to amend.

The Gartner Defendants' proposed amended ninth defense states that Prewitt's claims "brought under Section 1983 should be dismissed because neither Gartner nor Akal were state actors or acting under color of state law at the time of the acts in

question." This defense is also redundant. In their answer, the Gartner Defendants have denied Prewitt's allegations that "Gartner was an actual, apparent, or implied agent and/or employee of the United States Government. . . ." The proposed amended ninth defense is simply a restatement of this denial. Moreover, this proposed affirmative defense does not raise new matter that could defeat Prewitt's claims. To succeed on her Section 1983 claims, Prewitt bears the burden of establishing that the Gartner Defendants were acting under color of state law. *See Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007). A challenge to an essential element of a plaintiff's claim is not a proper affirmative defense. *See S.E.C. v. Brincat*, No. 01-C-2670, 2001 WL 1662099 at *1 (N.D. Ill. Dec. 6, 2011). The Court therefore strikes the Gartner Defendants' ninth affirmative defense and denies them leave to amend.

The Gartner Defendants' proposed amended tenth affirmative defense asserts, in the alternative, that Gartner is entitled to qualified immunity. A defendant in a Section 1983 claim is entitled to qualified immunity if his conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Alvarado v. Litscher,* 267 F.3d 648, 652 (7th Cir. 2001) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). A motion to strike under Rule 12(f) "is not a good fit for resolving issues like qualified immunity which often turn on facts yet to be developed." *Atkins v. Pickard*, 298 Fed.Appx. 512, 513 (7th Cir. 2008). Therefore, this

defense, as amended, is sufficiently pled, and the Court grants the Gartner Defendants leave to amend their answer to include this defense.

## II. Federal Defendants

### A. Timeliness of Prewitt's Motion

The Federal Defendants first challenge Prewitt's motion as untimely. Federal Rule of Civil Procedure 12(f) allows a district court to strike an insufficient pleading upon a "motion made by a party . . . within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). However, Rule 12(f) also allows a court to strike an insufficient pleading on its own initiative. Fed. R. Civ. P. 12(f)(1). Thus, a court may "consider a motion to strike at any point in a case," even if the court's attention was drawn to the matter by a party's untimely motion. *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1399 (7th Cir.1991).

Nearly six months have passed between the filing of the Federal Defendants' answer and the instant motion. However, due to the volume and complexity of the litigation to date, the Court chooses to evaluate the sufficiency of the Federal Defendants' defenses.

### B. The Federal Defendants' First and Second Defenses

The Federal Defendants' first defense states that Prewitt's complaint "fails to state a claim on which relief may be granted." Their second defense states that the defendants

are "entitled to qualified immunity and/or absolute immunity from plaintiff's claims." The Federal Defendants have previously raised both of these arguments via a motion to dismiss for failure to state a claim and a motion for summary judgment based on qualified immunity, each of which was denied by this Court.

Both defenses are bare legal conclusions that are completely devoid of any factual support. The Federal Defendants nevertheless urge this Court to consider their previously filed motion to dismiss and motion for summary judgment as providing both factual and legal support for these defenses. However, the sufficiency of an affirmative defense must be apparent from the face of the pleadings. *416.81 Acres,* 514 F.2d at 631. As discussed above, the pleadings do not provide any factual support for the Federal Defendants' first and second defenses.

Rather than seek leave to amend their answer to incorporate factual support for their asserted defenses, the Federal Defendants have asked the Court to "incorporate the motions and memoranda that set forth the detailed basis for the defenses." Such motions and memoranda encompass seven documents totaling forty-six pages. The Court respectfully declines to sift through these documents to deduce the appropriate facts in support of the Federal Defendants' defenses. Therefore, the Court grants Prewitt's motion to strike the Federal Defendants' first and second defenses. However, the Court

grants the Federal Defendants leave to amend their answer to state these defenses in a form that complies with the requirements of Rule 8.

### C. The Federal Defendants' Third Defense

The Federal Defendants' third purported defense sets forth their answer to the complaint and is not a defense at all. Therefore, this Court grants Prewitt's motion to strike it as an affirmative defense, though the answer contained therein shall remain unaffected.

## CONCLUSION

For the foregoing reasons, Prewitt's motion to strike all of the Defendants' affirmative defenses is granted. The Court grants the Defendants leave to amend their answers to incorporate amended affirmative defenses in a manner consistent with the foregoing discussion.

_____
Charles P. Kocoras
United States District Judge

Dated:      October 26, 2011